IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DOUGLAS HAMILTON                                                                                      PLAINTIFF

vs.                                         Civil No. 2:19-cv-02130

COMMISSIONER, SOCIAL                                                                                  DEFENDANT
SECURITY ADMINISTRATON

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is the Motion to Dismiss filed by Defendant. ECF No. 9. With this Motion, Defendant seeks to have Plaintiff's Complaint dismissed because it was untimely filed. *Id.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Defendant's Motion (ECF No. 9) be **GRANTED** and Plaintiff's Complaint be dismissed as untimely.

1. **Background:**

Defendant filed a Motion to Dismiss alleging Plaintiff's Complaint was untimely filed. ECF No. 9. Defendant states the Complaint was not filed within the statutory time limitation of sixty days following the Commissioner's notice to Plaintiff that his request for review was denied. *Id.* According to Defendant, the Appeals Council denied Plaintiff's request for review on July 25, 2019. ECF No. 10-1.

Therefore, Plaintiff should have commenced his civil action within 60 days or on or before September 30, 2019. This date includes the additional five days for receipt by mail and an

additional two days because the end of the five-day period ended on a Saturday. The Complaint in this case was filed on October 15, 2019. ECF No. 2.

**2.    Discussion:**

The only civil action an individual may bring on any claim arising under Title II or Title XVI of the Social Security Act is an action to review the final decision the Commissioner made after hearing the case. An individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. The Commissioner may extend the time for instituting a civil action upon a claimant's request and showing of good cause. *See* 42 U.S.C. 405(g); 20 C.F.R. § 422.210(c).

The Appeals Council denied Plaintiff's request for review on July 25, 2019. Based on this, Plaintiff should have commenced his civil action within 60 days or on or before September 30, 2019. This date includes the additional five days for receipt by mail and an additional two days because the end of the five-day period ended on a Saturday. Plaintiff filed his Complaint on October 15, 2019. ECF No. 2. Thus, Plaintiff filed his Complaint over two weeks late.

In his response, Plaintiff argues this delay should be excused. ECF No. 11. Plaintiff argues this delay resulted from an "internal clerical error" and "through no fault of the Plaintiff." *Id*. Upon review, however, the Court cannot find these circumstances justify extending this jurisdictional deadline. Accordingly, based on this information, the Court finds Plaintiff's Complaint was not filed timely and should be dismissed.

**3.    Conclusion:**

Consistent with the foregoing, the Court recommends Defendant's Motion be **GRANTED,** and Plaintiff's case dismissed with prejudice.

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 22nd day of January 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE